IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| JAMES URIAH DUNAWAY, JR., PRO SE, | § | |
| TDCJ-CID #742465, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:04-CV-0195 |
| | § | |
| MICHAEL F. CLAYTON, | § | |
| GINGER F. BARKLEY, MERLE HOUSKA, | § | |
| and MARIANNE B. MUNSELLE, | § | |
| | § | |
| Defendants. | § | |

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff JAMES URIAH DUNAWAY, JR., acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted leave to proceed *in forma pauperis*.

Plaintiff is an inmate practitioner of Native American religion. Plaintiff claims that, on January 25, 2003, defendants CLAYTON and BARKLEY were instructed to pack his property and that witnesses saw defendant CLAYTON "intentionally break, and thereby destroy, [plaintiff's] prayer feather." Plaintiff alleges defendant BARKLEY did nothing to prevent CLAYTON's action and defendant MUNSELLE did not adequately investigate or satisfactorily resolve plaintiff's grievance on the incident. Lastly, plaintiff claims defendant Chaplain HOUSKA repeatedly refused to get another feather for plaintiff and defendant MUNSELLE failed to adequately resolve plaintiff's grievance on that matter.

Plaintiff states he was without a prayer feather for about four hundred and eighty-six days

and could not perform certain daily prayers and rituals during that time.  On May 18, 2004, plaintiff did receive a replacement feather and was able to have it ritually cleansed on May 26th.

Plaintiff requests a grant of nominal damages and punitive damages.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

Plaintiff has alleged no fact to show defendant BARKLEY knew defendant CLAYTON would intentionally bend or break plaintiff's prayer feather or how BARKLEY could have

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

prevented CLAYTON's act.  Plaintiff's allegation that BARKLEY was present does not show the personal involvement essential to an action under section 1983.  Plaintiff has alleged no act or omission by BARKLEY to give rise to a claim of liability and has failed to state a claim against BARKLEY on which relief can be granted.

Plaintiff alleges defendant MUNSELLE did not adequately investigate or satisfactorily resolve plaintiff's grievance on the incident and on defendant HOUSKA's failure to promptly replace plaintiff's feather.  The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved.  Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima.  *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).  Plaintiff alleges no fact to establish a personal connection between defendant MUNSELLE and the alleged constitutional deprivation.  Plaintiff's claim against defendant MUNSELLE lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, plaintiff alleges defendant Chaplain HOUSKA repeatedly failed to get another feather for plaintiff.  Plaintiff does not allege HOUSKA destroyed the feather or was under a duty to provide feathers to Native American practitioners but refused to do so.  The only basis plaintiff references to show HOUSKA's liability is the grievance response by prison authorities to his

step 1 grievance no. 2004145529, attached to the original complaint.  By that response, prison officials advise plaintiff that he should allow Chaplain HOUSKA to inspect plaintiff's damaged feather and see if it is listed on plaintiff's inventory and, if it is both damaged and on plaintiff's inventory, that HOUSKA would be advised to look into getting plaintiff another feather.  Based on this, plaintiff claims defendant HOUSKA is liable for not getting a replacement feather sooner, saying defendant HOUSKA "apparently refused to look into getting [plaintiff] another Prayer Feather."  At no time does plaintiff allege any fact showing defendant HOUSKA had a duty to provide plaintiff a replacement for a feather HOUSKA had not destroyed or that HOUSKA failed or refused to look into getting plaintiff another feather.  Instead, as a courtesy to plaintiff, HOUSKA apparently did so.  Further, plaintiff points to no fact showing defendant HOUSKA failed to take action promptly.  The response to plaintiff's step 2 grievance no. 2004145529 on the matter indicates defendant HOUSKA was directed to seek assistance from Ron Teel, the TDCJ Native American Chaplain; and the eventual provision of a feather to plaintiff by Ron Teel is an indication that HOUSKA did so.  HOUSKA or Ron Teel may have been the cause of the delay, or some other person or circumstance could have delayed production of the feather.  Nevertheless, even if defendant HOUSKA was the cause of the delay, although plaintiff has alleged no fact which would support that assumption, that fact would, at best, support a claim of mere negligence, if even that.

     For the reasons set forth above, plaintiff has failed to state a claim of constitutional dimension against defendant HOUSKA.

## CONCLUSION

     Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as

Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed against defendants BARKLEY, MUNSELLE, and HOUSKA pursuant to Title 42, United States Code, section 1983, by plaintiff JAMES URIAH DUNAWAY, JR., be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED..

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>7th</u> day of March 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* <u>**NOTICE OF RIGHT TO OBJECT**</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States

District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).