

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JAMES URIAH DUNAWAY, JR., PRO SE, §
TDCJ-CID #742465, §
 §
    Plaintiff, §
 §
v. § 2:04-CV-0195
 §
MICHAEL F. CLAYTON, §
 §
    Defendant. §

# REPORT AND RECOMMENDATION TO
# DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On this day came for consideration defendant CLAYTON's June 29, 2007 Motion for Summary Judgment with supporting Brief and attached exhibits.

On August 3, 2007, plaintiff filed his response with supporting brief and attachments. Plaintiff has not filed any motion for summary judgment on his behalf.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, filed the instant cause while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, pursuant to Title 42, United States Code, section 1983, complaining against defendants MICHAEL F. CLAYTON, GINGER F. BARKLEY, MERLE HOUSKA, and MARIANNE B. MUNSELLE.

On April 12, 2007, an Order issued adopting the Magistrate Judge's March 7, 2007, Report and Recommendation and dismissing plaintiff's claims against defendants BARKLEY, HOUSKA, and MUNSELLE. Dismissal of those claims was with prejudice as frivolous and for failure to state a claim on which relief can be granted.

In the remaining claim, plaintiff alleges defendant CLAYTON, outside of plaintiff's

presence and while packing plaintiff's property, intentionally bent and crumpled plaintiff's prayer feather, making it unsuitable for use in the practice of plaintiff's Native American religion. Although TDCJ-CID officials eventually replaced the feather, there was a lapse of 481 days before it was replaced and "re-smudged" so it could be used in daily prayer and other rituals.

Plaintiff requests an award of nominal and punitive damages, as well as court costs and that defendant be prosecuted under Title 18, United States Code, section 242.

## UNDISPUTED FACTS

Plaintiff, appearing *pro se*, filed this suit while a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) and was incarcerated at the Neal Unit during the time relevant to this cause.

## THE STANDARD OF SUMMARY JUDGMENT REVIEW

Summary judgment may be granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). Consequently, after adequate time for discovery and upon motion, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party bears the burden of proof. *Celotex v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Because the consequences of summary judgment are so severe, the court must be careful to avoid premature termination of legitimate lawsuits merely because of unskilled presentations.

*Murrell v. Bennett*, 615 F.2d 306 (5th Cir. 1980). In determining a movant's request for summary judgment, all reasonable inferences must be made in favor of the party opposing the motion. *Phillip's Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987). Only disputes of facts that could affect the outcome of the suit at trial will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A complete failure of proof concerning an essential element of the nonmoving party's case is fatal and entitles the moving party to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Upon such a showing, the burden of production shifts to the nonmovant to delineate specific facts which demonstrate the presence of a genuine issue of material fact. *Id.*; *Judwin Properties, Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992). A motion for judgment as a matter of law is properly granted when the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict. If there is substantial evidence, that is, evidence of such quality and weight that reasonable and fair-minded jurors might reach a different conclusion, then the motion for judgment as a matter of law should be denied. *Waymire v. Harris County, Texas*, 86 F.3d 424, 427 (5th Cir. 1996).

### THE STANDARD OF SUMMARY JUDGMENT REVIEW
### UPON A PLEA OF QUALIFIED IMMUNITY

Since qualified immunity depends on whether the defendant violated a clearly established constitutional right, a preliminary inquiry must be made whether the plaintiff has asserted a violation of any constitutional right at all. *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789,

1793, 114 L.Ed.2d 277 (1991). Analysis at this stage is performed under the "currently applicable constitutional standards." *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993).

If the initial inquiry is satisfied, the second prong of the qualified immunity test must be considered: whether the constitutional right alleged to have been violated was clearly established at the time of the incident; and, if so, whether the conduct of the defendant was objectively unreasonable in light of contemporaneous clearly-established law. *Hare v. City of Corinth*, 135 F.3d 320, 328 (1998). Although analysis under the first prong requires the court to consider currently applicable constitutional standards, analysis under the second prong requires a court to measure the objective reasonableness of an official's conduct with reference to the law as it existed at the time of the conduct in question. *Id*. (citing *Rankin v. Klevenhagen*, 5 F.3d 103, 108 (5th Cir. 1993).

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant CLAYTON contends plaintiff has not presented evidence to overcome his entitlement to qualified immunity and has not met the first prong of the qualified immunity test by stating a valid constitutional claim.

Plaintiff responds by pointing to summary judgment evidence, contending he has submitted evidence to support each of the disputed issues of fact and requests defendant's motion be denied.

## THE LAW AND ANALYSIS

**Criminal Charges**

Initially, the Court notes part of plaintiff's request for relief is that defendant CLAYTON be prosecuted under Title 18, United States Code, section 242. This particular relief, however, is

not available through civil suit, and there is no constitutional right to have a person criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys. This claim for relief lacks a basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). **Religious Claim**

Inmates do not forfeit all constitutional rights upon entering the prison system. *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979). Inmates must be afforded "reasonable opportunities . . . to exercise the religious freedom guaranteed by the First and Fourteenth Amendments." *Pedraza v. Meyer*, 919 F.2d 317, 329 (5th Cir. 1990)(quoting *Cruz v. Beto*, 405 U.S. 319, 322, n.2, 92 S.Ct. 1079, 1081 n.2, 31 L.Ed.2d 263 (1972). Nevertheless, an inmate retains only those First Amendment rights which "are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974).

Defendant argues plaintiff has presented no evidence to support his contention that defendant CLAYTON damaged his feather or acted unreasonably in doing so. The gist of defendant's argument is that the prayer feather, if damaged, was damaged unintentionally and during a legitimate penological objective. If that were the state of the record, *i.e.*, that unrebutted summary judgment evidence showed the feather was accidently or unintentionally bent during packing or a search[1], defendant would appear protected by qualified immunity. That, however,

---

[1] Defendant refers to a search, while plaintiff maintains the damage was done while guards packed plaintiff's property. Whether the damage occurred during a search or packing is not material to the resolution of plaintiff's claims.

is not the state of the record. Instead, plaintiff has submitted evidence that defendant CLAYTON intentionally destroyed or damaged plaintiff's prayer feather, creating a fact issue on this point. Plaintiff produced two unsworn declarations from inmate witnesses which appear to comply with Title 28, United States Code, section 1746, entitled "Unsworn Declarations under Penalty of Perjury" [Exhibits A and B to plaintiff's August 3, 2007 Brief in Support of his Response to Defendant Clayton's Motion for Summary Judgment]. In their declarations, the inmate witnesses state that defendant CLAYTON refused assistance offered by Native American inmates to pack plaintiff's property. Additionally, and critically, these statements also indicate CLAYTON ignored their reminders that there was a prison policy prohibiting him from touching plaintiff's Native American religious materials. Both inmates state that defendant CLAYTON refused assistance and crumpled and bent or wadded up plaintiff's prayer feather and medicine bag when putting them into the property bag. Additionally, one inmate says CLAYTON chuckled as he did so[2].

      Defendant also argues that, in any event, plaintiff was not prohibited from practicing his religion. Defendant compares the damage to plaintiff's prayer feather with damage to or destruction of a Christian cross and argues plaintiff has not shown the damage to his prayer feather adversely affected his ability to practice his religion. While defendant's argument may possibly have some merit with respect to Christianity, defendant has produced no summary judgment evidence, *e.g.*, from a person knowledgeable in the practice of plaintiff's Native American religion, to rebut plaintiff's assertion. Plaintiff, however, has responded to defendant's argument by pointing to his January 31, 2007 Questionnaire Response by which he

---

[2]Defendant has not submitted any summary judgment evidence as to how the feather was damaged, if it was.

explains the rituals he was unable to perform and the way in which the absence of his prayer feather impeded his practice of his religion. In light of plaintiff's unrebutted statements of an inability to practice certain rituals of his religion, it appears, at the least, plaintiff has adduced sufficient evidence to create a material issue of disputed fact on that point.

## CONCLUSION

For the reasons set forth above, it is clear that, drawing all reasonable inferences in favor of the nonmoving party, there are material issues of disputed fact which preclude entry of summary judgment in the instant cause. Federal Rule of Civil Procedure 56(c).

It is the opinion of the Magistrate Judge and RECOMMENDATION to the United States District Judge that defendant's motion for summary judgment be DENIED.

It is the further RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's request for relief in the form of the criminal prosecution of defendant CLAYTON be DISMISSED AS FRIVOLOUS.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this  17th   day of August 2007.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).